IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal No. 1:18-cr-37-HSO-JCG-1 |
| | § | |
| **JULIO CHANTELLO WILLIAMS** | § | |

## ORDER DENYING DEFENDANT JULIO CHANTELLO WILLIAMS MOTION [81] TO REDUCE SENTENCE

Defendant Julio Chantello Williams's Motion [81] to Reduce Sentence requests that his sentence be reduced based on *United States v. Robinson*, his disagreement with the United States Sentencing Guidelines' treatment of methamphetamine, and his rehabilitation. *See* Mot. [81] at 3-4 (citing *United States v. Robinson*, No. 3:21-cr-14-CWR-FKB-2, 2022 WL 17904534 (S.D. Miss. Dec. 23, 2022)). Having considered Defendant's arguments, the record, and relevant legal authority, the Court finds that the Motion [81] should be denied.

I. BACKGROUND

On March 7, 2018, Defendant Julio Chantello Williams ("Defendant") was charged in a six-count Indictment [15] with two counts of being a felon in possession of a firearm (Counts 1 and 2), two counts of knowingly possessing with intent to distribute five or more grams of methamphetamine (Counts 3 and 4), one count of knowingly possessing with intent to distribute a detectable amount of heroin (Count 5), and one count of knowingly possessing with intent to distribute fifty or more grams of methamphetamine (Count 6). Indict. [15] at 1-2. Defendant pled guilty to

Counts 2 and 4 on June 27, 2018, *see* Minute Entry, June 27, 2018, pursuant to a Plea Agreement [31] with the Government in which he waived his right to appeal or contest in any post-conviction proceeding his conviction or sentence, with the exception of ineffective assistance of counsel claims, *see* Plea Agreement [31] at 5.

The Presentence Investigation Report [44] ("PSR") held Defendant accountable for 43.798 grams of pure methamphetamine and 85.2 grams of methamphetamine mixture. PSR [44] at 14 (under seal). This yielded a base offense level of 30, which was increased by two levels because Defendant possessed a firearm. *Id.* at 14-15. Defendant received another two-level increase for an importation enhancement because it was determined that he possessed methamphetamine of such a high purity level, it was more likely than not that the methamphetamine was manufactured outside the United States. *Id.* After a three-level reduction for acceptance of responsibility, the PSR [44] determined Defendant's total offense level to be 31. *Id.* at 15. Defendant was in a criminal history category of VI because of his extensive criminal history, which included multiple felony drug possession convictions and a felony auto burglary conviction, and because he was on parole at the time he committed the offenses of conviction. *Id.* at 15-19.

The foregoing yielded a United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range of imprisonment of 188 months to 235 months. *Id.* at 22. On November 19, 2018, Defendant was sentenced to a term of imprisonment of 120 months as to Count 2 of the Indictment [15], and a concurrent term of 211 months

as to Count 4, for a total term of imprisonment of 211 months, plus five years supervised release. J. [46]. Counts 1, 3, 5, and 6 of the Indictment [15] were dismissed. *Id.*

Defendant appealed, but the Fifth Circuit dismissed his appeal based upon his waiver in the Plea Agreement [31]. Op. [62] at 1. Then, on April 24, 2020, Defendant filed a Motion [64] to Vacate under 28 U.S.C. § 2255, Mot. [64] at 4-5; Envelope [47-1], which was denied without prejudice on May 4, 2020, after Defendant sought leave to amend it, Order [67] at 1-2. Defendant later filed a renewed Motion [69] to Vacate, which the Court denied. *See* Order [77]; Certificate of Appealability [79].

On December 11, 2024, Defendant filed the instant Motion [81] to Reduce Sentence, arguing that extraordinary and compelling circumstances justify his release because, under *Robinson* and other cases that disagree with the Sentencing Guidelines' treatment of pure methamphetamine, Defendant "would not receive a 211[-]month sentence on the drug portion of his sentence under the current judicial landscape." Mot. [81] at 3. Defendant asserts that if he were sentenced today, in light of the "scant evidence the [Government] used for his [U.S.S.G.] § 2D1.1(b)(5) importation enhancement," he would not have been sentenced "anywhere near Base Offense Level 31 for the drug portion of his sentence." *Id.* at 10. He claims that this creates a disparity in sentencing between what he received in 2018, and what he would have received today, that, when combined with his post-sentencing rehabilitation, warrant a reduction in sentence. *Id.*

The Government counters that Defendant's claim that "he would not receive a 211-month sentence on the drug portion of his sentence under the current judicial landscape" is not a basis for seeking compassionate release. Resp. [82] at 5. It contends that under U.S.S.G. § 1B1.13(b)(6), an unusually long sentence is only a ground for consideration of early release if the defendant "has served at least 10 years of the term of imprisonment[,]" and Defendant here has only been incarcerated seven years. *Id.* (emphasis in original omitted). The Government highlights that *Robinson* is not binding on this Court, and it was a case where the court made its Guidelines decision on policy grounds at the sentencing stage of the case. *Id.* at 5-6. The Government commends Defendant's rehabilitation efforts but points out that they are insufficient to warrant early release, and that even if an extraordinary and compelling reason existed, the 18 U.S.C. § 3553(a) factors do not support a sentencing reduction. *Id.* at 6-10.

## II. DISCUSSION

A. <u>Relevant Law</u>

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case–

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

The Fifth Circuit has held that

> a prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). *Id.*

*United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022).

The applicable Sentencing Commission policy statement provides that extraordinary and compelling reasons may exist when certain circumstances, either alone or in combination, are present. *See* U.S.S.G. § 1B1.13(b). These include certain medical conditions of the defendant; defendant being housed at a facility affected, or at imminent risk of being infected, by an ongoing outbreak of an infectious disease or a public health emergency; defendant's age and "experiencing a serious deterioration in physical or mental health because of the aging process[;]"

defendant's family circumstances; defendant being a victim of abuse; or other reasons that "are similar in gravity." U.S.S.G. § 1B1.13(b)(1)-(5).

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Otherwise, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c) (2023). But if a defendant is able to establish that an extraordinary and compelling reason warrants a sentence reduction, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.* Similarly,

> [p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(d).

B.     Analysis

1.     Whether an Extraordinary and Compelling Circumstance Warranting Compassionate Release Exists

Defendant's primary argument is that *Robinson*, and other cases like it, have deviated from the Guidelines by reducing the impact of pure methamphetamine on the offense level calculations such that an intervening change in the law has occurred, and Defendant's sentence is unusually long when compared to the sentence he claims he would receive today. Mot. [81] at 10. He relies on five nonbinding cases in support of his argument. *Id.* at 10 (citing *Robinson*, 2022 WL 17904534; *United States v. Tran*, No. 22-13660, 2024 WL 1803132 (11th Cir. Apr. 25, 2024) (per curiam); *United States v. Celestin*, No. CR 21-125, 2023 WL 2018004 (E.D. La. Feb. 15, 2023); *United States v. Bean*, 371 F. Supp. 3d 46 (D.N.H. 2019); *United States v. Nawanna*, 321 F. Supp. 3d 943 (N.D. Iowa 2018)).

But it cannot be said that the foregoing authority constitutes a change in the law. This is because "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). As for *Tran*, an unpublished out-of-circuit opinion is at-best persuasive authority. *See Garcia v. Amfels, Inc.*, 254 F.3d 585, 588 (5th Cir. 2001) (highlighting that out of circuit authority is persuasive, not binding authority). Thus, neither *Robinson*, *Tran*, *Celestin*, *Nawanna*, nor *Bean* are binding.

Second, even if these cases were sufficient to constitute an intervening change in the law, U.S.S.G. § 1B1.13(c) limits the Court's discretion to consider an

7

intervening change in the law as an extraordinary and compelling circumstance to only those situations described in U.S.S.G. § 1B1.13(b)(6). *Id.*; *see also* U.S.S.G. § 1B1.13(b)(6). Under § 1B1.13(b)(6), a change in the law may be considered an extraordinary and compelling circumstance where "a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment[.]" U.S.S.G. § 1B1.13(b)(6). Defendant has been in federal custody since February 8, 2018, *see* Doc. [4], and he was sentenced on November 19, 2018, meaning that he has not served a full ten years of his sentence, *see* Minute Entry, Nov. 19, 2018.

Third, even if *Robinson*, *Tran*, *Celestin*, *Nawanna*, and *Bean* were binding on this Court, they are easily distinguishable because they addressed the Guidelines treatment of pure methamphetamine versus a mixture at the sentencing stage. *See Robinson*, 2022 WL 17904534, at *1-2; *Tran*, 2024 WL 1803132, at *1; *Celestin*, 2023 WL 2018004, at *1; *Bean*, 371 F. Supp. 3d at 48; *Nawanna*, 321 F. Supp. 3d at 947. Sentencing is the more appropriate stage to consider such policy disagreements with the Guidelines, rather than on a motion for compassionate release. *See United States v. Rodriguez-Flores*, No. 2:05-CR-21-KS-MTP, 2023 WL 4306755, at *4 n.10 (S.D. Miss. June 30, 2023). *Rodriques-Flores* addressed *Robinson* on a motion for compassionate release, reasoning that if courts

> find that such policy disagreement creates an "extraordinary and compelling reason" for early release, the Court would likely open the flood gates to effectually resentence each defendant who had been sentenced by a judge who utilized the sentencing guidelines as written at sentencing. It is better that consideration of such disparity be taken at the time of sentencing.

8

*Id.*

The same reasoning applies to the arguments raised by Defendant here. Further, while, "[a]s a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines[,]" *United States v. Valdez*, 268 F. App'x 293, 297 (5th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 101 (2007)) (quotation omitted), a defendant cannot use a motion for compassionate release "to challenge the legality or the duration of his sentence" or "to correct sentencing errors[,]" *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023)[1] (quoting *United States v. Jenkins*, 50 F.4th 1185, 1202 (D.C. Cir. 2022)). Thus, in the Court's view, consideration of this issue is inappropriate on a motion for compassionate release.

This leaves only Defendant's argument relating to his rehabilitation as a justification for compassionate release, but "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(d); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). That is not to say that rehabilitation may never be considered, but it is only "a factor warranting a reduction when an inmate has an otherwise qualifying condition." *United States v. Dotrey*, No. 2:13-CR-04, 2021 WL 4191454, at *4 (E.D. Tex. Sept. 15, 2021); *see also United States v. Rogers*, No. 1:09CR100-LG-RHW-1, 2020 WL

---

[1] The Fifth Circuit recently re-affirmed its holding in *Escajeda*. *United States v. Austin*, 125 F.4th 688, 693 (5th Cir. 2025) ("Faithful to our rule of orderliness, we continue to apply *Escajeda* and its progeny[.]").

9

3423423, at *2 (S.D. Miss. June 22, 2020); *United States v. Alexander*, No. 14-126-JWD-EWD, 2020 WL 2468773, at *3 (M.D. La. May 13, 2020). While the Court acknowledges and commends Defendant's efforts at self-improvement, this is not sufficient to warrant reducing his sentence absent some other "qualifying condition." *Dotrey*, 2021 WL 4191454, at *4.

In short, Defendant's policy disagreement with the Guidelines and his claimed rehabilitation are not extraordinary and compelling circumstances justifying early release. *See United States v. Hanks*, No. 1:16-CR-17-HSO-JCG-2, 2023 WL 6133441, at *4 (S.D. Miss. Sept. 19, 2023).

2.   <u>The Applicable Factors set Forth at 18 U.S.C. § 3553(a) Weigh Against Defendant's Release</u>

Even if Defendant had presented evidence of an extraordinary and compelling circumstance under 18 U.S.C. § 3582(c)(1)(A)(i), the § 3553(a) factors weigh against his release. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense.

*United States v. Chambliss*, 948 F.3d 691, 693 n.3 (5th Cir. 2020) (citing 18 U.S.C. § 3553(a)).

As an initial matter, "the burden falls on the defendant to 'convince the district judge to exercise discretion to grant the motion [for compassionate release]

after considering the [Section] 3553(a) factors.'" *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) (alteration in original) (quoting *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021)). Defendant only offers his efforts towards rehabilitation as argument on the § 3553(a) factors, and thus, has not met his burden. *See generally* Mot. [81]; *see also* 28 U.S.C. § 994(t). Moreover, the facts of this case weigh against early release. Defendant pled guilty to two dangerous felonies, one for possessing a firearm and one for possessing drugs. *See* Minute Entry, June 27, 2018. He also has an extensive criminal history involving multiple other felonies, and he was still serving out his sentences on parole for two of these felonies when he committed the instant offenses of conviction. PSR [44] at 15-18 (under seal). Considering this, Defendant's completion of several educational programs and involvement in work programs, while commendable, are not sufficient to show that he would not pose a danger to the community. *See United States v. Carrera*, No. 3:14-CR-0367-B-40, 2023 WL 1070609, at *4 (N.D. Tex. Jan. 27, 2023) ("Congress's decision to rule out rehabilitation suggests that rehabilitation is expected, not extraordinary."). As for any argument that he received a disparate sentence based upon *Robinson* and similar cases, the Court has already addressed this issue.

In sum, Defendant was convicted of two serious offenses, and the sentence imposed in this case reflects that seriousness, as well as the need for deterrence and protection of the public under the applicable factors set forth at § 3553(a). Considering the totality of the record before it, the Court finds that reducing

Defendant's sentence would not reflect the gravity of his offenses, protect the public, or afford adequate deterrence.  18 U.S.C. § 3553(a).  Defendant's Motion [81] for Compassionate Release should be denied.

### III.  CONCLUSION

To the extent the Court has not addressed any of Defendant's remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Julio Chantello Williams's Motion [81] to Reduce Sentence is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 4th day of April, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE